UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Orleans International, Inc.,

    Plaintiff,

v.                                                                               Case No.  15-13525

Mistica Foods, L.L.C., *et. al.*                               Honorable Sean F. Cox

    Defendants.

_____/

## OPINION AND ORDER GRANTING ORLEANS' PARTIAL MOTION TO DISMISS MISTICA'S COUNTER CLAIM

In this contract dispute, Plaintiff/Counter-Defendant Orleans International, Inc. ("Orleans") asserts that Defendant/Counter-Plaintiff Mistica Foods, LLC ("Mistica") and Defendant Edward Bleka ("Bleka") have refused to accept and pay for over one million pounds of beef products.

This matter is currently before the Court on Orleans' "Motion for Partial Dismissal of [Mistica's] Counter Claim." (D.E. No. 27, Orleans' Br.). Orleans seeks to dismiss Count I of Mistica's counterclaim, which requests a Declaratory Judgment. Orleans seeks dismissal of the declaratory counterclaim on the basis that it "merely restates the issues, and is a 'mirror image,' of the Breach of

1

Contract claim asserted in Count I of Orleans' Amended Complaint." (Orleans' Br. at 2). The motion has been fully briefed by the parties. The Court entertained oral argument as to this motion on July 14, 2016.

For the reasons set forth below, the Court shall **GRANT** Orleans' motion.

## BACKGROUND

On September 8, 2015, Orleans filed this breach of contract action in Oakland County Circuit Court against Mistica Foods, LLC and Edward Bleka. On October 7, 2015, Mistica and Bleka removed the case to this Court based upon diversity jurisdiction. (D.E. No. 1).

On December 11, 2015, Orleans filed a three-count amended complaint, alleging: (1) Breach of Contract; (2) Fraud in the Inducement/Fraudulent Misrepresentation; and (3) Promissory Estoppel. (D.E. No. 14, Am. Compl.).

Mistica and Bleka filed a partial motion to dismiss Orleans' amended complaint on January 15, 2016. (D.E. No. 16). Oral argument as to the motion was heard on May 5, 2016. On May 16, 2016, this Court filed an Opinion & Order dismissing Orleans' Fraud in the Inducement/Fraudulent Misrepresentation claim. (D.E. No. 29). Orleans' breach of contract and promissory estoppel claims remain before the Court.

The contract dispute arises from allegations that Mistica failed to accept and pay for the total quantity of beef product that it had ordered from Orleans for the 2015 year. (Am. Compl. ¶¶ 29-31). Orleans' amended complaint alleges that the parties agreed and contracted to the following: Orleans would supply Mistica with its 2015 requirements for certain cuts of meat at an agreed upon price and pursuant to an agreed upon schedule. *Id.* ¶ 15.

Mistica has filed an Answer to the amended complaint, wherein Mistica: (1) denies that there existed an express contractual agreement between the parties as described by Orleans; (2) denies that Mistica failed and refused to perform its obligations under such contract; and (3) denies the essential factual allegations asserted in Orleans' amended complaint. (Doc. #16 at 10-11).

Mistica has additionally filed a counterclaim against Orleans. (D.E. No. 22, Counterclaim). In Count I, Mistica seeks a declaratory judgment, pursuant to 28 U.S.C. § 2201, that an enforceable agreement to purchase certain beef products pursuant to an agreed upon schedule did not exist between the parties. *Id.* ¶ 35a. Mistica also asserts a promissory estoppel claim (Count II) and, alternatively, a breach of contract claim (Count III).

Orleans now moves to dismiss Mistica's declaratory counterclaim (Count I) asserting that it fails to state a claim upon which relief may be granted because it is

a "mirror-image" of Orleans' breach of contract claim.  (D.E. No. 27, Orleans Br.).

In response, Mistica asserts that the motion to dismiss should be denied because: (1) the legal and factual issues underlying the counterclaim are not identical to the issues underlying Orleans' breach of contract claim; (2) resolution of the breach of contract claim will not necessarily dispose of the counterclaim; and (3) Orleans will not suffer any prejudice if the declaratory counterclaim is allowed to proceed at this stage in the proceedings.  (D.E. No. 32, Mistica's Resp.).

## APPLICABLE STANDARD

When deciding a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true.  *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In order to survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint need contain only "enough facts to state a claim for relief that is plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at

557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

The parties dispute whether Mistica's declaratory counterclaim states a claim upon which relief may be granted. Orleans seeks dismissal of Mistica's counterclaim on the basis that it is a mirror-image of Orleans breach of contract claim. Orleans is essentially arguing that the declaratory counterclaim is redundant–and must therefore be dismissed–because Mistica may achieve the relief it seeks by successfully defending itself against Orleans' breach of contract claim. Mistica's arguments to the contrary are without merit.

**A.     Mirror-Image Declaratory Counterclaims**

The granting of relief under the Declaratory Judgment Act is within the Court's sound discretion. *National Emblem Ins. Co. v. Washington*, 482 F.2d 1346, 1347 (6th Cir. 1973).

As an initial matter, the Court notes that the Sixth Circuit has not specifically addressed the issue of "mirror-image" counterclaims outside the context of patent cases. In *Dominion Elec. Mfg. Co. v. Edwin Wiegand Co.*, 126 F.2d 172, 173-74 (6th Cir. 1942), the Sixth Circuit determined that a counterclaim

in a patent infringement suit should not have been dismissed prior to trial.  In so holding, the court acknowledged the unique circumstances present in patent cases where defendants often seek declaratory judgments on factual and legal issues that go beyond the scope of the complaint.  *Id.*

Outside the context of patent cases, district courts "have disagreed on the proper treatment of so-called 'mirror-image' counterclaims."  *Erickson v. Brock & Scott, PLLC*, 2009 WL 4884424, *3 (W.D. Tenn. Dec. 8, 2009).  A number of courts have dismissed counterclaims on the basis of redundancy, while other courts have not.  *Id.* (citing various case holdings).  According to a district court in Ohio, these "cases are not necessarily at odds."  *Pettrey v. Enterprise Title Agency, Inc.*, 2006 WL 3342633, *3 (N.D. Ohio Nov. 17, 2006).  Instead, when presented with this issue, the court in *Pettrey* has advised courts to focus on whether or not the counterclaim serves any useful purpose.[1]  *Id.*

---

[1] The parties agree that, in evaluating whether to authorize declaratory relief, the Court should consider the following factors: 1) whether the judgment would settle the controversy; 2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or to provide an arena for "res judicata;" 4) whether the use of the declaratory action would constitute a federal encroachment on state jurisdiction; and 5) whether there is an alternative remedy that is better or more effective.  *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000) (citing *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447-48 (6th Cir. 1991)); *Grand Trunk*, 746 F.2d at 326.

For purposes of this Opinion, however, the dispositive question is whether the declaratory judgment action would serve a useful purpose.

### 1. Useful Purpose Inquiry

"[A] counter claim must not be 'directed at the allegations in the complaint,' but must instead contain 'an independent claim for relief.'" *Erickson*, 2009 WL 4884424, *2 (internal citation omitted). "[W]hen a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose." *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289, *3 (6th Cir. May 27, 1987). "The mirror-image rule applies only to claims that 'exactly correspond' such that resolution of one claim would entirely dispose of the other claim." *Stryker Corp. v. Ridgeway*, 2014 WL 3704284, *1 (W.D. Mich. July 24, 2014).

Accordingly, if early on in litigation, a court cannot determine whether the counterclaim is identical to the complaint, "the safer course for the court to follow is to deny a request to dismiss a counterclaim for declaratory relief unless there is no doubt that it will be rendered moot by the adjudication of the main action." *Pettrey*, 2006 WL 3342633 at *3 (internal citations and quotations omitted). However, a redundant counterclaim should be dismissed when it is obvious that there is complete identity of factual and legal issues between the complaint and the counterclaim. *Id.* (citing *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975)).

7

### i. Mistica's Declaratory Counterclaim Does Not Serve A Useful Purpose

Under this framework, the Court's task is to determine whether: (1) Mistica's declaratory counterclaim is duplicative of Orleans' amended complaint, *i.e.* whether it would be rendered moot by the determination of Orleans' breach of contract claim; or (2) whether it is premature to dismiss the counterclaim at this stage in the proceedings. Based upon a review of the counterclaim and the amended complaint, it appears that Mistica's declaratory counterclaim is a mirror-image of Orleans' breach of contract claim and should therefore be dismissed.

### a. Complete Identity of Legal And Factual Issues

Count I of Mistica's counterclaim seeks a declaratory judgment "in Mistica's favor and against Orleans, declaring that no binding and enforceable agreement to purchase certain beef products per an agreed upon schedule existed between Mistica and Orleans." (D.E. No. 22, Counterclaim).

Mistica's request is factually and legally identical to Orleans' breach of contract claim, in that it directly refutes the first of three elements required for a breach of contract: the existence of a contract. Specifically, Orleans' amended complaint alleges that "Orleans and Mistica did contract and agree that Orleans would supply certain of Mistica's requirements, for 2015, for certain cuts of meat, in the volume and per the schedule contained within the UPDATED Requirements

spreadsheet, at an agreed to price..." (Am. Compl. ¶ 15) (capitalized text in original); *see also Id.* ¶¶ 29-30 (Orleans further alleges that there existed express contractual agreements between Orleans and Mistica as created and documented by emails, text messages and the actual performance of the parties and that Mistica failed and refused to perform its obligations under the express contractual agreements).

Mistica is essentially asking the Court to resolve the allegation that a legally binding agreement to purchase certain beef product, pursuant to a specific schedule, existed between the parties. The only apparent difference between the amended complaint and the declaratory counterclaim is that the parties desire opposite results. Mistica's arguments to the contrary are without merit.

Mistica points to three allegedly "different" facts, which it claims are not included in the amended complaint that support its declaratory counterclaim: (1) the agreement was for "grass-fed" and pasture-raised beef; (2) Mistica paid for all of the beef which it accepted delivery pursuant to 23 purchase orders and sales confirmation documents; and (3) Mistica never issued a master purchase order, individual purchase order, or contract for future purchases from Orleans. (Mistica's Resp. at 6-7). These facts, however, are not necessarily different from the allegations in the amended complaint. Instead, they appear to refute certain

9

allegations made by Orleans.

First, Mistica's counterclaim does not ask for a declaration that the agreement was for "grass-fed" and "pasture-raised" beef. Rather, it seeks a declaration that "no binding and enforceable agreement to purchase certain beef products per an agreed upon schedule existed..." (Counterclaim, ¶ 35a). Moreover, "grass-fed" beef is mentioned in Orleans' amended complaint. Specifically, Orleans alleges that neither of Bleka's emails mentioned the requirement of "grass-fed" product. (Am. Compl. ¶ 14). Orleans also attaches a letter to Bleka, wherein it confirmed that grass-fed product did not impact the agreement between the parties. (Am. Compl. ¶ 16).

Mistica's second fact–that it accepted delivery pursuant to 23 purchase orders and confirmation documents–also appears to be alleged in the amended complaint. (*See Id*. ¶ 18) ("That initially, Mistica did accept delivery of the product that it was purchasing in accord with the terms agreed to in January, 2015...").

And finally, Mistica's third fact–that it never contracted for future purchases or issued a master purchase order–directly refutes Orleans' allegation that the parties agreed that Orleans would provide Mistica certain beef products for the 2015 year, pursuant to an agreed upon schedule.

### b. Resolution of The Breach of Contract Claim Will Render Declaratory Counterclaim Moot

Moreover, resolution of the breach of contract claim at trial will resolve Mistica's declaratory judgment request. Both parties agree that Orleans is required to prove the existence of a contract in order to proceed on its breach of contract claim. Logically, it follows that the disposition of the breach of contract claim will render the declaratory counterclaim moot, or vice versa. Mistica's argument to the contrary lacks merit.

Mistica argues that "the disposition of Count I of the Amended Complaint would, at best, resolve the existence of the agreement as alleged by Orleans, not the agreement alleged by Mistica." (Mistica's Resp. at 7). Mistica asserts that "a declaratory judgment regarding Mistica's contractual obligations could easily differ from the resolution of Orleans' breach of contract claim" and "serves the useful purpose of further clarifying the legal obligations of the parties." *Id.*

The problem with this argument is that Mistica's declaratory counterclaim does not ask the court to clarify Mistica's legal obligations under an alleged agreement. Rather, it asks the court to declare that a binding agreement to purchase certain beef products, per an agreed upon schedule, **does not exist** between the parties.

### c. Prejudice

In its final argument, Mistica asserts that Orleans has not alleged that it will suffer any prejudice if the declaratory counterclaim is allowed to proceed. (Mistica's Resp. at 8).  Thus, Mistica states that there is no reason, at this early stage, to dismiss the counterclaim.  Mistica is correct in that no prejudice has been alleged by Orleans.  However, this does not resolve the fact that the declaratory counterclaim here serves a mirror-image of Orleans' breach of contract claim.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that Orleans' "Motion for Partial Dismissal of [Mistica's] Counter Claim" is **GRANTED**.  Accordingly, the Court shall **DISMISS** Count I of Mistica's Counterclaim.

**IT IS SO ORDERED**.

                                          S/Sean F. Cox
                                          Sean F. Cox
                                          United States District Judge

Dated:  July 18, 2016


I hereby certify that a copy of the foregoing document was served upon counsel of record on July 18, 2016, by electronic and/or ordinary mail.

                                          S/Jennifer McCoy
                                          Case Manager